ATTORNEYS FOR PETITIONER:
**RANDAL J. KALTENMARK**
**ZIAADDIN MOLLABASHY**
BARNES & THORNBURG LLP
Indianapolis, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**EVAN W. BARTEL**
**JESSICA REAGAN GASTINEAU**
**WINSTON LIN**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

**FILED**
Aug 01 2017, 4:18 pm
**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| RICHARDSON'S RV INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 49T10-1504-TA-00016 |
| | ) |
| INDIANA DEPARTMENT OF STATE | ) |
| REVENUE, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON PETITIONER'S
## MOTION TO STRIKE

**FOR PUBLICATION**
August 1, 2017

WENTWORTH, J.

Richardson's RV Inc. moved to strike certain evidence designated by the Department of State Revenue in response to Richardson's motion for summary judgment, which the Court granted in an order handed down concurrently with this order.  See generally Richardson's RV Inc. v. Ind. Dep't of State Revenue, No. 49T10-

1504-TA-00016, Slip. op., (Ind. Tax Ct. August 1, 2017). The Court grants Richardson's' Motion to Strike in part and denies it in part.

## FACTS

On September 18, 2015, Richardson's filed a motion for summary judgment in its appeal of the Department's final determination assessing additional sales tax liabilities for the 2010, 2011, and 2012 tax years. In its response, the Department designated the following evidence that is the subject of this Motion: 1) Kyle Richardson's deposition and 2) written statements by three of Richardson's' customers and specific references to them in David Strom's affidavit. (See Resp't Br. Opp'n Pet'r Mot. Summ. J. ("Resp't Br.") at 4-6 (citing Resp't Des'g Evid., Ex. R-7, Ex. R-4, Ex. R-9, ¶ 11).) Richardson's moved to strike this evidence claiming it was lacking foundation, irrelevant, and inadmissible hearsay. (See Pet'r Reply Br. Supp. Mot. Summ. J. ("Pet'r Reply Br.") at 5-7.) The Court heard the parties' argument on Richardson's' Motion during the summary judgment hearing on April 7, 2016.

## ANALYSIS AND ORDER

### Standard of Review

This Court acts as a trial court when reviewing the Department's assessments. See IND. CODE § 6-8.1-5-1(i) (2017). As a result, the Court is afforded broad discretion in resolving motions to strike. See, e.g., Vernon v. Kroger Co., 712 N.E.2d 976, 982 (Ind. 1999). "Moreover, when ruling on a motion for summary judgment, this Court will only consider properly designated evidence that would be admissible at trial." Miller Pipeline Corp. v. Indiana Dep't of State Revenue, 995 N.E.2d 733, 736 (Ind. Tax Ct. 2013) (citations omitted).

## Discussion

### 1. Kyle Richardson's Deposition

The Department's designated evidence included the deposition of Kyle Richardson, who had attested to Richardson's' business practices. (See Resp't Br. at 4-6 (citing Resp't Des'g Evid., Ex. R-7).) Richardson's moved to strike Kyle's deposition arguing that the Department failed to lay a foundation establishing that Kyle had personal knowledge of Richardson's' business practices during the years at issue. (See Pet'r Reply Br. at 5.) Moreover, Richardson's argues that Kyle's deposition testimony is irrelevant because he became a Richardson's employee beginning in 2013, after the years at issue. (See Pet'r Reply Br. at 5; Hr'g Tr. at 12-13.)

Kyle testified from his personal knowledge of Richardson's' business practices in 2013. His testimony, however, was related back to the years at issue through Richardson's' Vice President and Chief Financial Officer's testimony, establishing that Richardson's had not changed its business practices from the years at issue through the period of Kyle's employment. (See Resp't Des'g Evid., Ex. R-8 at 155.) See also Ind. Evidence Rule 104(b) (stating that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist"). Accordingly, Kyle's deposition testimony is relevant because it tended to make the facts of Richardson's business practices more or less probable than they would have been otherwise and because the facts about these business practices are of consequence in determining the outcome of the case. See Ind. Evidence Rule 401

3

(explaining that "[e]vidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . [and] the fact is of consequence in determining the action"). Accordingly, Kyle Richardson's deposition is relevant and admissible.

### 2. Written Statements

The Department also designated as evidence written statements from three of Richardson's' customers that were not attested to under the penalties for perjury. (See Resp't Br. at 4-6 (citing Resp't Des'g Evid., Ex. R-4).) During its audit, the Department mailed letters to 28 of Richardson's' out-of-state customers requesting that they either check a box if they took delivery of their RV in Indiana or write in the delivery address if they took delivery outside Indiana. (See e.g., Resp't Des'g Evid., Ex. R-9 ¶ 10; Ex. R-3.) In addition, the Department designated as evidence Tax Audit Supervisor David Strom's affidavit, which stated that the Department received thirteen responses to its letters and that three of the responses indicated that delivery took place in Indiana. (See Resp't Br. at 4-6 (citing Resp't Des'g Evid., Ex. R-9 ¶ 11; Hr'g Tr. at 70).)

Richardson's moved to strike the statements, claiming they are inadmissible unsworn hearsay that does not fall within an exception to the rule. (See Pet'r Reply Br. at 6-7; Hr'g Tr. at 13-16.) In addition, Richardson's moved to strike references to the statements in Strom's affidavit, claiming they were inadmissible because they were made without personal knowledge. (See Pet'r Reply Br. at 6-7; Hr'g Tr. at 13-16.)

On the other hand, the Department contends that neither the written statements nor the references to them in Strom's affidavit are inadmissible hearsay because they were not offered for the truth of the statements made. (See Hr'g Tr. at 42-43, 70.)

4

Rather, the Department asserts that the statements were offered as prior inconsistent statements to rebut and impeach Richardson's' designated evidence, demonstrating that a genuine issue of material fact exists regarding the location of delivery. (See Hr'g Tr. at 42-43, 70.)

"Hearsay" is a statement "not made by the declarant while testifying at the trial or hearing" that is "offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). The written statements at issue here are hearsay because they are not made by declarants who were sworn and subject to cross-examination and because the declarant-customers are not parties in this case. See Evid. R. 801(d)(1), (2) (explaining that prior statements made by a declarant-witness or an opposing party's statements are not hearsay). Also, this evidence is inadmissible hearsay because the Department did offer it for the truth of the statements asserted to cast doubt on the place where the RVs were delivered and demonstrate that there is a genuine issue of material fact. See Evid. R. 801(c)(2). Accordingly, the three written statements and the parts of Strom's affidavit referring to them are inadmissible hearsay.

## CONCLUSION

For the above-stated reasons, the Court DENIES Richardson's' Motion regarding Kyle Richardson's deposition, and GRANTS Richardson's' Motion regarding the three written statements and the parts of Strom's affidavit referring to them.

SO ORDERED this 1st day of August, 2017.

_____
Martha Blood Wentworth, Judge
Indiana Tax Court

5

Distribution: Randal J. Kaltenmark, Ziaaddin Mollabashy, Evan W. Bartel, Jessica Reagan Gastineau, Winston Lin